George Tilzer, J.
This is an application pursuant to article 78 of the Civil Practice Act, in the nature of prohibition. The petitioners are landlords of multiple dwellings in Bronx County. The respondents are the Administrator of and the Bronx Director of the City Rent and Rehabilitation Administration. Notices have been sent to the petitioners by respondents of proceedings to modify or revoke orders granting increases. These proceedings stem from the recent well-publicized disclosures of investigations by the New York City Commissioner of Investigation, the District Attorney of Bronx County, and the city rent agency with regard to unlawful rent increases. The notices allege that the action is being taken because of the landlords’ fraudulent acts, including the submission of false bills, in obtaining the increases. The petitioners contend that respondents are without jurisdiction or are exceeding their jurisdiction and should be restrained from issuing any orders proposed by the notices.
The respondents have cross-moved pursuant to section 1293 of the Civil Practice Act and section Yál-9,0 of the Administra *1024 tive Code of the City of'New York to dismiss the petition as insufficient in law on the grounds that no final order has been issued, that petitioners have failed to exhaust their administrative remedies and that no showing has been made of the lack of power in the respondents, of the existence of extreme necessity, or of the absence of other adequate remedies requisite- to the granting of this application in the nature of prohibition.
The court is of the opinion that the cross motion should be granted.
A proceeding in the nature of prohibition is proper to prevent a body or officer, having judicial power, from exceeding its jurisdiction in the exercise of such power or to prevent it from asserting jurisdiction where it has none. This is an extraordinary remedy, however, to be resorted to only in cases of extreme necessity when the usual remedies are unavailable and should not be granted when there is opportunity for correction of errors afforded the party who claims he is aggrieved.
In the instant proceeding, section Y41-8.0 of the Administrative Code states the procedure to be followed by any person subject to the provision of an order for a review of such ruling within the city rent agency. Section Y41-9.0 of said code provides for a judicial review of such final determination and further provides that such judicial review is the exclusive method to be followed. Here the petitioners have not followed the procedures so enacted. The administrative procedures have not been exhausted and there is no final order to review. In addition, the petitioners have failed to show lack of jurisdiction or action in excess of jurisdiction. Section Y41-5.0 (subd. b) of the code, moreover, permits the agency to set aside and correct a maximum rent resulting from illegality, irregularity or fraud.
We do not pass on the question raised by the petitioners at this time with regard to the right of the Director to revoke the entire increase where fraud is proven as to one of the items on which the increase was granted. After a determination made on all the facts, and after review within the agency, if such orders are made, the court can then evaluate that situation together with any others raised.
Accordingly, the cross motion is granted and the application dismissed.